**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ESTATE OF PSTTASH, | |
| *Petitioner*, | |
| v. | Civil Action No. 22-104 |
| SOCIAL SECURITY ADMINISTRATION, | **OPINION & ORDER** |
| *Respondent*. | |

**John Michael Vazquez, U.S.D.J.**

Petitioner, the Estate of Psttash (the "Estate"), seeks a writ of mandamus against the Social Security Administration ("SSA").  Petitioner alleges that SSA unlawfully stopped paying retirement income benefits to decedent Burhan Psttash and that the Estate is now owed accrued benefits for over six years while Psttash was alive.  Presently before the Court is Respondent's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6).  D.E. 10.  The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the following reasons, Respondent's motion is **GRANTED**.

---

[1] The submissions consist of SSA's motion to dismiss, D.E. 10 ("Br."), Petitioner's opposition, D.E. 14 ("Opp."), and SSA's reply, D.E. 18 ("Reply").  Petitioner also filed a response to SSA's reply brief.  D.E. 19.  Local Civil Rule 7.1(d)(6) states that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned."  As Petitioner has not requested permission to file a sur-reply, this brief will not be considered.  Even if the Court did consider this brief, however, its arguments as to jurisdiction fall short.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Burhan Psttash retired in or about 2010.  D.E.1 ("Petition") ¶ 1.  Upon his retirement, he began to receive Social Security retirement benefits.  *Id.* ¶ 3.  In 2012, Psttash relocated to Syria.  *Id.* ¶ 2.  In 2014, "SSA suddenly [and] without cause" ceased making payments to Psttash.  *Id.* ¶ 3.  According to Petitioner, "[t]here was no notices sent to Mr. Psttash when the benefits were unilaterally stopped by SSA."  *Id.* ¶ 14.  Petitioner alleges, on information and belief, that "Psttash attempted to make contact with SSA on numerous occasions without success.  He mailed letters to SSA without receiving a response."  *Id.* ¶ 4.  "In light of continued political turmoil in Syria, and Mr. Psttash's health and advanced age, he was not able to return to the United States and address the issue with SSA directly."  *Id.* ¶ 5.

Psttash died in 2020, and his Estate brought this action seeking a writ of mandamus instructing SSA to release "Psttash's accrued benefits . . . to the Administrator of the [E]state for distribution to the three heirs."  *Id.* ¶ 7.  Petitioner alleges that "[t]he actions taken by SSA in withholding the retirement income benefits . . . were unlawful, and in violation of Mr. Psttash's, and now the Estate[] of Psttash's due process rights guaranteed by . . . the Fifth and Fourteenth Amendments to the United States Constitution."  *Id.* ¶ 13.  In addition to seeking a writ of mandamus, Petitioner also appears to bring a claim under 28 U.S.C. § 1983, alleging that termination of Psttash's benefits without notice violated his due process and equal protection rights. *Id.* ¶ 18.

## II.   LEGAL STANDARD

Respondent argues that the Petition should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Federal courts begin with the presumption that jurisdiction is

---

[2] The factual background is taken from the Petition for Writ of Mandamus.  D.E. 1.

lacking, and the party asserting jurisdiction bears the burden of establishing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To decide a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack as to jurisdiction. A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* at 346 (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Regardless of whether the attack is facial or factual, "the Plaintiff has the burden to prove that the Court has jurisdiction." *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (citing *Petruska*, 462 F.3d at 302).

Here, while Respondent does not explicitly say so, it appears to mount a facial attack; therefore, the Court considers only the Petition for Writ of Mandamus, D.E. 1. Because the Court disposes of the motion these grounds, it does not reach the arguments regarding improper venue or failure to state a claim.

## III.   ANALYSIS

The Social Security Act provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). The statute further states that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . . Such action shall be brought in

> the district court of the United States for the judicial district in which
> the plaintiff resides, or has his principal place of business, or, if he
> does not reside or have his principal place of business within any
> such judicial district, in the United States District Court for the
> District of Columbia.

42 U.S.C. § 405(g).  "On its face § 405(g) thus bars judicial review of any denial of a claim of . . .

benefits until after a 'final decision' by the Secretary after a 'hearing.'"  *Matthews v. Edlridge*, 424

U.S. 319, 327-28 (1976) ("42 U.S.C. § 405(h) precludes federal-question jurisdiction in an action

challenging denial of claimed benefits.  The *only avenue for judicial review* is 42 U.S.C. § 405(g),

which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional

prerequisite." (emphasis added)).  Federal regulations make clear that a "final decision" that is

subject to judicial review is not reached until there is an initial determination by the SSA, a request

for reconsideration, a request for a hearing before an administrative law judge, and a request for

an appeals council review of the administrative law judge's decision.  20 C.F.R. § 404.900(a).

Petitioner claims that the exhaustion requirements of the Social Security Act should not

apply "due to the facts and circumstances that surround this case."  Opp. at 17.  Essentially,

Petitioner claims that resort to the administrative process would be futile[3]; that Psttash never

received notice of the termination of his benefits; and that conditions in Syria at the relevant time,

---

[3] In support of its futility argument, Petitioner cites to cases arising under ERISA, *Rizzo v. First Reliance Standard Life Insurance Co.*, 417 F. Supp. 3d 479 (D.N.J. 2019), or regarding conditions of confinement for federal prisoners, *Lyons v. U.S. Marshals*, 840 F.2d 202 (3d Cir. 1988).  The court in *Rizzo* noted that under ERISA, exhaustion of administrative remedies is considered an affirmative defense, rather than a jurisdictional requirement.  *Rizzo*, 417 F. Supp. 3d at 485.  The Court in *Lyons* also treated the exhaustion requirement for federal prisoners as a substantive, rather than jurisdictional, issue.  *Lyons*, 840 F.2d at 203.  As such, these cases do not address the pertinent issue—whether this Court may exercise jurisdiction over this action.  But even assuming futility is an exception to the jurisdictional requirement, the Estate has not provided any basis on which the Court can conclude that the administrative process would have been futile.  Indeed, Petitioner notes that Psttash's benefits had been terminated once before, in 2012, and reinstated following Psttash's submission of the required documentation.  *See* Opp. at 7.

4

coupled with Psttash's age and poor health, prevented Psttash from communicating with SSA regarding termination of his benefits. As a result, Petitioner appears to concede that Psttash's administrative remedies were not exhausted as required by the Social Security Act and the associated regulations, and the Court sees no evidence that Psttash or the Estate engaged in any administrative process.

Petitioner instead appears to argue that the exhaustion requirement may be judicially waived where the petitioner will suffer "irreparable injury" as a result of the lack of jurisdiction. The Court is not aware of any authority[4] authorizing it to look past the Social Security Act's jurisdictional requirements in the name of equity. While the Court recognizes, and the parties do not dispute, that conditions in Syria were dangerous and destitute at the relevant time, those facts do not allow the Court to act beyond its legislatively conferred jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." (internal quotation marks omitted)); *Kokkonen*, 511 U.S. at 377 (stating that the jurisdiction of the federal courts "is not to be expanded by judicial decree" and that the court must "presume[] that a cause lies outside this limited jurisdiction" unless the party asserting jurisdiction establishes the contrary). Petitioner has not established subject matter jurisdiction under the Social Security Act.

The parties also dispute whether jurisdiction exists under the Administrative Procedure Act ("APA"). The APA similarly "provides for judicial review of 'final agency action,' 5 U.S.C. §

---

[4] Petitioner cites to *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000), in support of this argument. In that case, which arose under the habeas statute, the Court considered exhaustion of administrative remedies only *after* confirming that it possessed subject matter jurisdiction. *Id.*; *see also Bowen v. Johnston*, 306 U.S. 19, 26 (1939) (noting that the habeas exhaustion requirement "is not one defining power but one which relates to the appropriate exercise of power").

702, which is present when two conditions are met[.]" *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 247 (3d Cir. 2011). "'First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *TSG Inc. v. U.S. Env't Prot. Agency*, 538 F.3d 264, 267 (3d Cir. 2008) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). "[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977). "*The only avenue* for judicial review" of an action challenging denial of claimed social security benefits "is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." *Matthews*, 424 U.S. at 327 (emphasis added); *Califano*, 430 U.S. at 106 n.6 (noting that the APA's language "suggests" that it "was not intended as an independent jurisdictional foundation"). As such, the APA does not serve as the basis for subject matter jurisdiction over this action. Petitioner, moreover, has failed to demonstrate that a "final agency action" has been rendered because the administrative process has not been exhausted.

Petitioner also appears to invoke jurisdiction under the federal mandamus statute, 28 U.S.C. § 1361. Opp. at 22. The statute states that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The Supreme Court has declined to decide whether District Courts may exercise mandamus jurisdiction in Social Security cases." *Lampon-Paz v. Comm'r of Soc. Sec.*, 669 F. App'x 71, 72 (3d Cir. 2016) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). But where mandamus "clearly is not warranted on

6

the merits," there is no reason for a district court "to consider the possibility of exercising mandamus jurisdiction." *Id.*

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Before a court issues a writ of mandamus, the petitioner must establish (1) that there is no other adequate means of attaining the relief, and (2) that the right to issuance of the writ is clear and indisputable. *In re Balice*, 644 F. App'x 112, 113 (3d Cir. 2016); *see also Heckler*, 466 U.S. at 616-17 ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." (citation omitted)). Additionally, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (citing *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)). The first requirement ensures "that the writ will not be used as a substitute for" ordinary processes of review. *Id.* (citation omitted). Petitioner's claim fails as to all three requirements. First, the ordinary administrative process provides an adequate avenue for obtaining the relief sought—payment of the accrued benefits. Second, Petitioner has not established that its right to a writ of mandamus is "clear" or "indisputable." The petition merely states, in conclusory terms, that SSA's actions "in withholding the retirement income benefits to the late Burhan Psttash were unlawful[] and in violation of Mr. Psttash's, and now the Estate[] of Psttash's due process rights[.]" Petition ¶ 13. Conclusory allegations from a Petitioner who has not attempted to invoke the ordinary administrative review process does not satisfy the Court that use of this extraordinary remedy is

appropriate here.  Thus, assuming *arguendo*, that the mandamus statute could provide the Court with jurisdiction over this action, Petitioner has not carried its burden to show that it does.

Plaintiff also brings a claim under 28 U.S.C. § 1983, alleging that SSA's termination of Psttash's benefits without notice was in violation of Psttash's due process and equal protection rights.  Petition ¶¶ 17-18.  Ordinarily, the Court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  However, in the Social Security Act, Congress withheld such jurisdiction as to the review of decisions made by the Commissioner of Social Security.  42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against . . . the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").  Thus, § 1331 cannot serve as the basis for jurisdiction over this claim, which essentially seeks review of a determination by the Social Security Administration.  *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975) ("On its face," 42 U.S.C. 405(h) "bars district court federal-question jurisdiction over suits . . . which seek to recover Social Security benefits.").

Petitioner has not established that the Court has subject matter jurisdiction.  Petitioner states that SSA did not provide Psttash with proper notice, makes claims about other actions SSA did not take, and explains that the conditions in Syria and Psttash's age and health allegedly prevented Psttash from communicating with SSA or otherwise acting promptly to resume his benefits.  Opp. at 16-21.  But those facts, even if accurate, do not enable the Court to exercise jurisdiction over the subject matter of this dispute.  Because the Court lacks subject matter jurisdiction, this matter is dismissed.

IV.     **CONCLUSION**

For the foregoing reasons, and for good cause shown,

IT IS on this 12th day of December 2022,

**ORDERED** that Respondent Social Security Administration's motion to dismiss, D.E. 10, is **GRANTED**; and it is further

**ORDERED** that the Estate of Psttash's Petition for Writ of Mandamus, D.E. 1, is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of Court is directed to close this matter.

_____
John Michael Vazquez, U.S.D.J.

9